Curia, per

Earle, J.
The exceptions taken to the process are, that the Christian names of the plaintiffs are omitted* and that they are not described as partners. We are all of opinion that the omission of the Christian names is a defect which would have been fatal by plea; but that it cannot avail on a motion for non-suit. In Comyn’s Dig. (Tiff Abatement, E. 18,) it is so laid down : — “ So he shall plead misnomer of the plaintiff, if his Christian name be mistaken* or if his Christian name be omitted.” So too, it was decided in the Mayor and Burgesses of Stafford vs. Bolton, (1 B. & P. 44,) where a non-suit for misnomer of the plaintiffs was set aside, because it should have been pleaded in abatement. (See 10 Rep. 122.) The precise question was decided here in Chappell & Cureton vs. Proctor, (State Rep. 49,) where the motion was for non-suit, or in arrest of judgment, “because the declaration did not set out the plaintiffs’s Christian names, or that they were partnersand the court held that the objection came too late, unless in cases where the contract given in evidence varies, as to the name of the plaintiff* from the declaration. The other part of the exception was not noticed by the court, and I conclude that it was regarded as depending on the same principle* being an omission of part *217 of the description of the plaintiffs, which should have been pleaded, or was wholly immaterial. If the names of all the partners are properly set out, it cannot be necessary to add that they are partners, trading under a particular name, or firm ; except in cases of written contracts, in which they are designated by the na.me of the partnership firm ; then it would be proper so to describe them, with an alias dictus, to avoid a variance. A contract with a partnership is only a joint contract, and it is enough to set out, in pleading, the names of all the parties, and to prove that the contract was made with all of them.
Sullivan Sf Campbell for the motion.
It is a mistake to suppose that this recovery would not be a bar to another action at the suit of the same plaintiffs, sue-ing on the same demand as partners. In such case, I apprehend the record itself would furnish sufficient evidence of its being the same demand ; and, if not, the deficiency might be supplied by other proof.
This is a summary process, and a notion seems to prevail, that less strictness is required, in pleading and practice, in the summary, than in the general jurisdiction. And perhaps cases may be found which lean that way.
Less strictness is requisite, perhaps, in setting out the demand, and also in pleading the defence. But the order of pleading must be observed; and, if the defendant, on the general issue, permits the plaintiff to go to trial, and to make out his case, he must be considered as waiving those exceptions on the face of the process, for which he might have demurred, or pleaded in abatement, according to the rules which prevail in the general jurisdiction.
The motion for non-suit is refused.
Gantt, Richardson, Evans and Butler, JJ. concurred.